

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DELORES DELAFUENTE,                    )
                                       )
                    Plaintiff,         )
                                       )          No. 03 C 05817
        v.                             )
                                       )          Wayne R. Andersen
NORTHWESTERN MEMORIAL                  )
HOSPITAL and                           )
CATHERINE WITHERS                      )
                                       )
                    Defendants.        )


## MEMORANDUM OPINION AND ORDER

This case is before the Court on defendants' motion to: 1) dismiss plaintiff Delafuente's

complaint alleging discrimination based on race and national origin; and 2) dismiss Catherine

Withers as a defendant. We grant defendants' motion for the reasons set forth below.

### Background

Plaintiff Delores Delafuante ("Delafuente") was employed by Defendant Northwestern

Memorial Hospital ("NMH") as a switchboard operator from March, 2000 until July, 2002.

Delafuente asserts Defendant Catherine Withers ("Withers") managed telecommunications

operations for the hospital during the period. Delafuente suffers from insulin-dependent diabetes,

and alleges that NMH discharged her from her position on July 19, 2002 because her disability

prevented her from being available for work. On December 6, 2002, Delafuente filed paperwork

with the Equal Employment Opportunity Commission ("EEOC"), including a charge of

discrimination ("EEOC charge"). In her EEOC charge, Delafuente alleged that NMH wrongfully

discharged her because of her age (46), violating the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 621 *et seq.*, and disability (insulin dependent diabetes), violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* On May 20, 2003, the EEOC sent Delafuente a Notice of Right to Sue letter.

On August 19, 2003, Delafuente filed a Complaint with this Court, alleging violation of the statutes noted above. On June 16, 2005, Delafuente filed an Amended Complaint alleging additional claims of discrimination based on race and national origin. Delafuente also sought to include as defendants Catherine Withers, NMH Manager of Operation Services, and Rose Trotter, former compliance coordinator. On October 11, 2005, defendants NMH and Withers filed a motion to: 1) dismiss Delafuente's race and national origin claims; and 2) dismiss Withers as a defendant.

## Standard of Review

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) turns on whether the claimant has properly stated a claim. *Boim v. Quranic Literacy Inst. and Holy Land Found. for Relief and Dev.*, 291 F.3d 1000, 1008 (7th Cir. 2002). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Chaney v. Suburban Bus Div. of Reg'l Transp. Auth.*, 52 F.3d 623, 626-27 (7th Cir. 1995) (citations omitted).

## 1) Motion to Dismiss Claims of Discrimination Based on Race and National Origin

In her Amended Complaint, Delafuente states that NMH terminated her employment based on her race and national origin. Defendants correctly contend that Delafuente may only bring Title VII claims included in her EEOC charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). *See also Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("[A]n aggrieved employee may not complain to the EEOC of only certain instances of

2

discrimination, and then seek judicial relief for different instances of discrimination."). Delafuente violated this rule when she added national origin and racial discrimination allegations in her Amended Complaint after filing an EEOC charge alleging only age and disability discrimination. She therefore may not proceed with this action under Title VII. Accordingly, we grant defendants' motion to dismiss Delafuente's race and national origin claims under Federal Rule of Civil Procedure 12(b)(6).

## 2) Motion to Dismiss Withers as a Defendant

Defendant cites three reasons to dismiss Withers as a defendant: A) the ADA and ADEA do not provide for individual liability; B) Delafuente failed to name Withers as a defendant in the EEOC charge; and C) Delafuente's amendment to add Withers was not timely.

### A) ADA Claim

Delafuente asserted claims against Withers in her Amended Complaint, and further described her as "a culprit" in discrimination based on age, disability, national origin, and race in response to defendants' motion to dismiss. However, Delafuente erred in directing her complaint against Withers as an individual. The ADA does not provide for individual liability, instead limiting actions to employers under the legal theory of *respondeat superior*. *See E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995). This Court and the Seventh Circuit have consistently held that the term "employer" does not extend to individuals. *See E.E.O.C.*, 55 F.3d 1276 (holding that the ADA's definition of "employer" imposes no individual liability on agents, and that the "any agent" language in the definition of "employer" was to ensure *respondeat superior* liability only); *Suarez v. Treater*, 2002 U.S. Dist. LEXIS 15165 (N.D. Ill. Aug. 12, 2002). As Manager of Operation Services, Withers is an individual rather than an employer for ADA purposes, thus she may not be

3

sued. Accordingly, we dismiss the ADA claim against Withers.

B) ADEA Claim

The ADA and ADEA apply virtually identical definitions of "employer." *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995). In light of these nearly identical definitions, the Seventh Circuit has applied the same arguments rejecting individual liability discussed above to the ADEA. *See, e.g., Horwitz v. Board of Educ. of Avoca School Dist. No. 37*, 260 F.3d 602, 620 n.2 (7th Cir. 2001), *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995), *Williams*, 72 F.3d at 553. Although Delafuente appropriately included her age discrimination allegation in the original EEOC charge, and appropriately filed against NMH in this Court, she cannot hold Withers individually liable. Accordingly, we dismiss the ADEA claim against Withers.

C) Race and National Origin Claims

Because we have already dismissed Delafuente's Title VII claims in their entirety, we need not further address Withers' liability. Accordingly, we dismiss all claims made against Withers.

## CONCLUSION

For the foregoing reasons, we grant defendants' motion to dismiss the claims against Withers pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismiss Delafuente's race and national origin claims.

Wayne R. Andersen
United States District Judge

Dated: June 21, 2006

4